No. 25-2023

---

**In the United States Court of Appeals for the Seventh Circuit**

RONALD T. ALLGOOD
*Plaintiff-Appellant*,

v.

ST. CROIX COUNTY, WISCONSIN, ET AL.,
*Defendants-Appellees*.

**On Appeal from the United States
District Court for the Western District of Wisconsin
No. 3:23-cv-00885-wmc
Hon. Willaim M. Conley**

**Motion for Relief from FRAP and 7th Circuit Rules on Paper Filings**

Frederick B. Melms
frederick@melmslaw.com
Melms Law
219 S. Main Street
Eagle River, WI 54521
(715) 525-9839

COMES NOW, Ronald T. Allgood by and through Frederick Melms of Melms Law, pursuant to Rules 27, 30-31, and 47(2) of the Federal Rules of Appellate Procedure, and hereby respectfully moves this Court for relief from the paper filing requirements imposed by the Federal Rules of Appellate Procedure and the United States Court of Appeals for the Seventh Circuit, Circuit Rules. Appellant supports his motion with the papers and pleadings electronically filed with this court and the grounds stated herein:

1. Appellant is proceeding on his appeal in forma pauperis and cannot afford the copying services necessary to create 25 copies of the brief and appendix. Consequently, appellants counsel has spent approximately $700 delivering printing and mailing 30 copies of the brief and 10 copies of the appendix to this court.

2. Counsel later learned that both sets of paper briefs were deficient. The first set of briefs submitted by Appellant did not include the appendix, although 10 copies of the appendix were delivered with the briefs. Upon learning the first set of briefs was deficient Appellant's counsel also sent 15 additional copies through fedex.com to the court. Those copies were neither in color nor bound, as the website did not offer options for a color first page or binding.

3. Counsel did file a proper electronic copy of Appellant's Initial Brief.

4. Counsel now asks the court to relieve him of the paper filing requirements under Cir. R. 30, 31(b), 32 and Fed. R. App. P. 30- 32, and any other applicable paper filing rules.

5. Appellant's Counsel has not previously practiced before this court or any federal court of appeals. This case was his first appearance in any federal appellate court.

6. Counsel operates a small law firm in Northern Wisconsin and currently only employs one associate.

7. Until recently, appellant's counsel also employed a paralegal, but the paralegal was arrested and is currently confined in the Price County Jail on a Wisconsin DOC hold while he awaits a hearing on the revocation of his extended supervision.

8. After losing his paralegal, Appellant's counsel became responsible for all administrative tasks for himself and his associate, including client communication, intake, errands, office maintenance, and the many other duties previously handled by staff.

9. As a result, Appellant's counsel's already overwhelming workload increased significantly and he has struggled to keep up.

10. Appellant's Counsel does not have a paralegal who can assist with document preparation or handle deliveries to copy shops or the post office.

11. Further, Appellant's Counsel recently completed a bench trial and must now also draft the reply brief in this matter. He also must draft approximately 150 pages of briefing in eight other cases, get his office in workable condition for the new paralegal, respond to numerous clients, reschedule double bookings, meet with clients in prison, prepare for multiple pleas and sentencings, and manage a large volume of administrative work over the next two weeks.

12. A new paralegal begins work at Melms Law on December 2, 2025, but will not be able to assist with this project in time.

13. Finally, the issues raised in Appellant's brief deserve consideration on the merits, not dismissal due to counsel's inability to afford an experienced appellate attorney from a large firm to handle this appeal.

WHEREFORE, Appellant respectfully requests that this Court relieve him of the paper filing requirements for his Initial Brief imposed by the Federal Rules of Appellate Procedure and the Seventh Circuit Rules.

Dated: November 18, 2025

                                                Respectfully submitted,

                                                /s/ Electronically signed by Frederick Melms
Frederick Melms
State Bar No. 1093957
Melms Law
Frederick@melmslaw.com
219 S First St,
Eagle River, WI
715-892-3023

**\*Counsel of Record**                                    Attorney for Plaintiff Ronald T. Allgood

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing document were served today, this 18th day of November 2025, through the Court's ECF system on all registered counsel.

                                                      /s/Frederick Melms
                                                      Frederick Melms
                                                      Frederick@melmslaw.com

                                        Attorney for Plaintiff Ronald T. Allgood